Marie EVANS, etc., Muriel Evans, Billie Evans,

v.

Terrace AVERY, John J. Greene, City of Boston.

Civ. A. No. 94–10194–WGY.

United States District Court, D. Massachusetts.

Sept. 5, 1995.

Michael Avery, Law Offices of Michael Avery, Newton Centre, MA, for plaintiff.

Kevin S. McDermott, City of Boston Law Department, Boston, MA, Kimberly M. Saillant, Corporation Counsel, Law Department, Boston, MA, for defendants.

## *MEMORANDUM ON THE DEFENDANTS [sic] MOTION FOR A DIRECTED VERDICT (#83)*

COLLINGS, United States Magistrate Judge.

The within Memorandum is a brief explication[1] of the reasons why I granted Defendants [sic] Motion for A Directed Verdict (#83) on Count I of the Amended Complaint[2] before the case was submitted to the jury on August 8, 1995.[3]

Count I of the Amended Complaint sought to impose liability on the officers pursuant to 42 U.S.C. § 1983. In a nutshell, the plaintiffs contended that the defendants Greene and Avery[4] deprived Marie Evans of her substantive due process rights by continuing to chase a vehicle whose occupants were suspected of drug violations down Center Street into Codman Square in Dorchester, Massachusetts where the pursued vehicle struck Marie Evans and injured her very seriously.

■ The first question is the standard by which the officers' conduct is judged. I agree with the Third Circuit's *en banc* decision in the case of *Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3 Cir., 1994) that under

the Supreme Court's decision in *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), the proper standard is whether the police officers' conduct "shocks the conscience."[5] The Fourth Circuit, in the case of *Temkin v. Frederick County Commissioners*, 945 F.2d 716 (4 Cir., 1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992), issued a decision antedating the Supreme Court's decision in *Collins* in which the Court ruled that the "shocks the conscience" test was the standard applicable to alleged violations of substantive due process by police officers. *Id.* at 722. The petition for writ of certiorari filed by the plaintiffs in the *Temkin* case stated the first issue on which plaintiffs sought review to be:

1. Did the Court of Appeals for the Fourth Circuit err in adopting a standard of "shocks the conscience" for a substantive due process violation under 42 U.S.C. § 1983, when all other circuit courts have adopted standards ranging from gross negligence to "recklessness" to "deliberate indifference" for similar conduct?

What is interesting to note is that the Supreme Court denied the petition for a writ of certiorari in the *Temkin* case just two days before it issued its opinion in the *Collins* case.

■ Thus, I am of the opinion that, if faced with the issue today, the First Circuit would not adopt the standard of "callous or reckless indifference" to the rights of third parties which it applied before the *Collins*

---

**1.** My reasons were stated in open Court on August 7, 1995.

**2.** The motion should have designated a "motion for judgment as a matter of law" as per Rule 50(a), Fed.R.Civ.P.; I treated the instant motion as such.

**3.** The parties consented to have the case referred to me for all purposes, including jury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c).

**4.** Judge Young granted summary judgment to the City of Boston on the claim against it under 42 U.S.C. § 1983 as contained in Count II; the City was not named in Count I.

**5.** I note that the Sixth Circuit, albeit not in a case involving a police chase, has held that the *Collins* decision altered the standard by which the sufficiency of substantive due process claims is determined. *Lewellen v. Metropolitan Government of Nashville*, 34 F.3d 345, 349–351 (6 Cir., 1994). In the case of *Smith v. Lexington Fayette Urban County Government*, 884 F.Supp. 1086 (E.D.Ky., 1995), a case which *did* involve a police chase, the Court held that on the basis of the *Collins* case, as interpreted by the Sixth Circuit in the *Lewellen* case, "[to] establish a claim under section 1983 for a substantive due process violation *Collins* requires a plaintiff to show ... conduct which "shocks the conscience," as seen in *Fagan v. City of Vineland, supra.*" *Id.* at 1094.

case was decided.[6] *See Germany v. Vance*, 868 F.2d 9, 17–18 (1 Cir., 1989). I find that the evidence at trial, taken in the light most favorable to the plaintiffs, is insufficient to establish that the conduct of Officers Greene and Avery was such as to "shock the conscience" as that phrase has been used in the cases.

If my opinion that the "shocks the conscience" standard is the proper one is incorrect and the First Circuit does not follow the Third Circuit's decision in *Fagan v. City of Vineland, supra,* I find that the evidence at trial, taken in the light most favorable to the plaintiffs, is insufficient to establish that the conduct of Officers Greene and Avery was such as to constitute callous or reckless indifference to the rights of citizens such as plaintiff Marie Evans. I can find only two cases involving police chases in which courts have held or suggested that there was sufficient evidence that the officers' conduct amounted to callous or reckless indifference to an individual's rights in the circumstances in which the pursued vehicle caused the injury to the third person. These are *Fagan v. City of Vineland,* 22 F.3d at 1303 and *Medina v. City and County of Denver,* 960 F.2d 1493 (10 Cir., 1992). In each of these cases, the nature, extent and duration of the police conduct at issue was far more egregious than was established in the instant case. In cases in which the facts are more analogous to those in the instant case, courts have held that the evidence is insufficient to establish a substantive due process violation. *See, e.g., Dismukes v. Hackathorn,* 802 F.Supp. 1442, 1448 (N.D.Miss., 1992).

In the *Fagan* case, the police officer saw a Camaro proceeding on Vineland's main street at 1:55 A.M. with a passenger standing up through the car's open T-top roof waving his arms. The police officer attempted to stop the vehicle and give the driver a warning. The police chased the Camaro through various residential streets at speeds up to 40 miles per hour in a 25 miles per hour zone; the Camaro would slow at stop signs but not stop. At some point, the driver of the Cama-ro turned off his headlights. The Camaro got onto a four-lane road and at a speed of 50 miles per hour, passed a police officer who waved for the driver to stop and had blocked one of the lanes with his cruiser. The Camaro sped past another cruiser which had blocked a cross street. The Camaro's speed increased to from 70 to 80 miles per hour. It ran a red light and hit Fagan's vehicle killing both occupants. *Fagan,* 22 F.3d at 1299–1300.

In the *Medina* case, the police chased a suspected felon at speeds of up to 60 miles per hour along a busy residential street during rush hour repeatedly running of stop signs. *Medina,* 960 F.2d at 1497. The officers conducting the chase disobeyed a direct order from their superior to discontinue the chase. The pursued vehicle collided with the plaintiff, Medina, who was riding on a bicycle, because two police cars who were approaching from opposite directions forced the driver of the pursued vehicle to turn directly into the bicycle at an intersection. *Id.* at 1494.

In the same vein, there are cases in which the police officer's conduct was found *not* to amount to callous and reckless indifference in which the nature, extent and duration of the police conduct at issue was far more egregious than was established in the instant case. For example in the case of *Jones v. Sherrill,* 827 F.2d 1102 (6 Cir., 1987), a police bulletin went out that a vehicle had been involved in an accident which involved property damages. Two police officers spotted the vehicle and observed that the driver was operating it in an unsafe manner. The vehicle fled despite the officers' attempt to stop it. During the pursuit, the officers drove at speeds of 120–135 miles per hour for nine miles within city limits. The pursued vehicle crossed the center of the road and collided head-on with Jones' vehicle, killing her. *Id.* at 1103–04. The Court of Appeals held that the evidence was insufficient to state a § 1983 claim under a substantive due process theory. *Id.* at 1106.

---

**6.** So far as I am aware, the First Circuit has not had occasion to consider the issue since the Supreme Court's decision in *Collins.*

**24**

In sum, if I am incorrect in my view that the Supreme Court's decision in *Collins* changed the standard by which the sufficiency of claims of violations of substantive due process is to be judged to "shocks the conscience," I would nonetheless grant the defendants Avery and Greene judgment as a matter of law on the § 1983 claim because, on the facts most favorable to the plaintiffs, their conduct did not reach the level of "callous or reckless indifference" to the rights of third parties as those terms have been applied in the circumstances of a police chase.